Stephen P. SLAGE, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 61–228.

United States District Court
W. D. Pennsylvania.

Jan. 10, 1963.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Donald A. Brinkworth, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. Sec. 51 et seq. The plaintiff was riding a hopper car when a cut of cars being ridden down the hump behind him was operated in such a manner that the car being ridden by the plaintiff was struck from behind, throwing the plaintiff to the ground and causing the injuries which give rise to this cause of action.

The jury returned a verdict in favor of the plaintiff in the amount of $25,000.00. The immediate matters before the Court relate to defendant's motion for new trial and to plaintiff's motion for new trial solely as to damages on the thesis that subsequent to the trial, the defendant refused the plaintiff the right to return to work because of the injuries sustained in the accident involved in this proceeding.

Prior to the accident, the plaintiff had continued to work when work was available to him. No evidence was presented at the trial that the plaintiff was unable to thoroughly perform the duties assigned to him or that his work had been unsatisfactory. Medical testimony was offered by the plaintiff that in approximately five years the condition experienced by the plaintiff might interfere with the performance of his duties as a railroader, but it was not disputed, under the testimony offered by the plaintiff, that for a period of at least four to five years the employee would be able to pursue his employment and perform the duties assigned to him. Under the medical testimony presented by the defendant, it was believed that the condition of the employee was such that he should be able to perform the duties of a railroader without any future impairment of his physical capabilities.

The defendant railroad, since the completion of the trial, has refused to permit the plaintiff to return to his employment on the basis of a medical examination made subsequent to trial.

Subsequent to the oral argument on counsels' motions, counsel for the defendant informed the Court, by letter made part of the record, that the defendant deems the plaintiff, on the basis of his subjective complaints and the testimony of one of his medical witnesses, to have a permanent partial disability and that, consequently, the defendant railroad cannot approve the plaintiff for return to duty.

## MOTION OF DEFENDANT FOR NEW TRIAL

■ Under all the evidence in this proceeding, substantial evidence exists to support the conclusions of the jury that the accident was caused solely through the negligence of the railroad and that no contributory negligence existed on the part of the plaintiff employee and to support the amount of the jury's verdict.

The defendant's motion for new trial is refused.

## PLAINTIFF'S MOTION FOR NEW TRIAL AS TO DAMAGES

■ Since the trial of this proceeding was administered on the premise that the plaintiff employee was able to perform the duties assigned to him for

a period of at least four to five years, and the railroad has refused since trial to permit the plaintiff to return to his employment on the grounds of a permanent partial disability, it is self-evident that the plaintiff's claim for relief has not been fully adjudicated and determined, and that the granting of a new trial is not only indicated, but under all the circumstances, is required.

This conclusion must be reached since fair adjudication of the rights of the plaintiff requires that, in the determination of the damages of the plaintiff, consideration be given to the fact that the railroad believes him unfit to perform his duties as a railroader for, on this state of the facts, by necessity, the measure of damages to which the employee would be entitled to recover would be much greater than if damages were based on the facts presented at the time of trial.

A new trial as to damages alone is granted.

An appropriate order is entered.